# Letcher County et al. v. Kentucky River Coal Corporation.

(Decided June 20, 1933.)

BAILEY P. WOOTTON, Attorney General, H. HAMILTON RICE, Assistant Attorney General, and ASTOR HOGG for appellant.

P. T. WHEELER and L. E. HARVIE for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming on original and reversing on cross-appeal.

The Kentucky River Coal Corporation is a corporation organized under the laws of the state of Virginia. On July 1, 1930, it was the owner in fee of land, and coal leases on other land, situated in Letcher county, Ky. In August, 1930, it filed with the county clerk of Letcher county, as required by section 4039, Ky. Statutes, a descriptive list of its land and leases, in which it endeavored to fix the fair cash value of the same as of July 1, 1930, and gave the nearest resident as directed by the same section, and also the taxing zones in which the same was located. It was placed in the possession of the county tax commissioner. He undertook to assess its land and leases and enter the assessment in a book provided for that purpose according to the form prescribed by the state tax commission. The county tax commissioner claims that he did not understand the descriptive list; that the books provided him did not contain space for the entering of the assessment as it was contained in the descriptive list. The descriptive list filed by the corporation set out in detail the land owned, separately from the land leased, the operated, separately from the nonoperated property.

A recapitulation of the descriptive list is as follows:

"2,432 acres, surface ..............................$ 16,110
"1,052 acres, timber ..................................  3,156
"1,052 acres coal under fee lands ....................  9,990
"13,232 acres coal & mineral rights .................. 269,079
"Improvements on Real estate ........................  7,500
"7,787 acres, barren ................................  7,787

"Total .........................................$313,622"

The board of supervisors of Letcher county reviewed the assessment of the property of the corporation as returned to it by the county tax commissioner. A recapitulation of the assesment by the county tax commissioner and the board of supervisors is as follows:

| | "By County Tax Commissioner | By Board of Supervisors |
|---|---|---|
| "11,130 acres surface | $ 55,650 | $ 55,650 |
| "11,130 acres coal | 209,090 | 209,090 |
| "Permanent improvements | 0 | 13,080 |
| "Timber | 31,580 | 31,580 |
| "11,325 acres, coal rights | 0 | 121,157 |
| "11,325 acres, coal leases | 121,157 | 0 |

"11,130 acres, oil and gas .............. 11,130          0
"Mine Equipment .....................      0        37,500

   "Totals ........................$428,607      $468,057"

It will be noted that the county tax commissioner as well as the board of supervisors assessed against the corporation 11,130 acres of surface; the same number of acres of coal, coal rights, oil and gas. The descriptive list contained mine equipment and its valuation, which were omitted by the county tax commissioner, but its valuation was raised by the board from $7,500, the valuation in the descriptive list, to $37,500. The acreage of the surface owned by the corporation was increased from 2,430 to 11,130, by both the tax commissioner and the board of supervisors. The acreage in timber and coal rights, oil and gas was increased to 11,235. From the action of the county board of supervisors, the corporation appealed to the quarterly court, then to the circuit court. The county prosecutes this appeal, and a cross-appeal has been granted the corporation.

Section 4056, Ky. Statutes, requires persons listing their property with the county tax commissioner to state separately the tracts of land, the number of acres in each tract, the improvements thereon; the name of the nearest resident, and the value of each tract and the value of the improvements thereon. This is substantially the requirement of section 4039 which imposes like duty on the nonresident owners of any real estate, mineral rights, or standing timber, or persons who do not reside in the county in which it is subject to taxation. The corporation in the making of its descriptive list correctly complied with the provisions of this section. The tax commissioner and the board of supervisors made up an assessment of their own, wholly disregarding the descriptive list.

The wisdom of section 4039 and 4056, and the propriety of the assessing authorities substantially complying therewith are clearly shown by the facts in this case. For when the requirement of either section is disregarded, and the assessment as listed by the taxpayer is ignored, as has been done in this case, confusion is inevitable and the taxpayer thereby deprived of knowing the correctness or incorrectness of his assessment.

Section 4128, Ky. Statutes, provides for the hearing

·of the evidence, on an appeal, by the quarterly court and also the circuit court.

The Kentucky River Coal Corporation introduced evidence showing the acreage of its coal land and leases, and the fair cash value thereof. There is no evidence in behalf of the county bearing on either of these questions. The tax commissioner was unable to explain how he arrived at either the acreage or the valuation. The board of supervisors resorted to the tax lists for previous years, but the member whose testimony was heard respecting the acreage and valuation and how the board arrived thereat, is equally as indefinite as that of the tax commissioner.

The Kentucky River Coal Corporation complains because its property was assessed by the assessing authorities in the aggregate and not as directed by either section 4039 or 4056. We have observed that the descriptive list and the requirement of the statute providing for it should be followed by the assessing authorities. However, the method of assessment is not as essential as it is that the property of the taxpayer be assessed at the price it will bring at a fair, voluntary sale. One of the duties of the board of supervisors is to determine the property owned by the listing taxpayer, and its fair cash value, estimated at the price it will bring at a fair, voluntary sale (Ray v. Armstrong, 140 Ky. 800, 131 S. W. 1039), and not merely so to assess the taxpayers property as will enable the taxing units to levy and collect a large amount of taxes. Not only to escape such action of the assessing authorities is the right of appeal allowed in such cases, but to enable the taxpayer to escape erroneous or improper assessment of his property, whether it is the result of a mistake or otherwise, and to have errors in the assessment for whatever cause corrected, and prevent its valuation in excess of the fair, cash value, estimated at the price it will bring at a fair, voluntary sale. It is shown by the evidence that the right of the corporation to have its property assessed at its fair cash value, estimated at the price it would bring at a fair voluntary sale, was wholly disregarded. Several years ago a map was made of Letcher county, showing the coal lands and leases in the different sections of the county. By mutual consent of the owners of such coal lands and leases, and the county, the coal area was, by a map, subdivided and classed and the taxing valuation

shown on the map. In making the descriptive list, the Kentucky River Coal Corporation recognized this map and listed its property according to its classification and valuation shown by it, except four tracts which are known in the record as the "Marion Mine," the "Day Coal Mining Company," the "Atlantic States Mine," and the "Rockhouse Coal Company," tract. These four tracts were listed in the descriptive list at $30 per acre instead of $64 per acre, the valuation of the coal land located in "U" district as it appears on the map. The evidence shows the valuation of such coal on these tracts, on account of the changes in conditions and the mines since the making of the map, is not greater in value than $30 per acre and that this value is in keeping with other nonoperated coal lands in district "U." The trial court because two of these tracts were located in "U" district disregarded the evidence and decreed that they be listed at $64 per acre. It is satisfactorily shown that the fair cash value thereof is not exceeding $30 per acre. The county offered no evidence showing the contrary, hence the action of the circuit court in assessing these tracts at $64 per acre is not authorized by the evidence.

In making its descriptive list the Kentucky River Coal Corporation listed the Atlantic States Coal Company tract as containing 1,433 acres at $30 per acre, when in fact it contained only 590 acres of coal. The trial court declined to correct this error because it was made by the corporation. The purpose of section 4128 in authorizing an appeal is that an error in the assessment may be corrected, whether it is the fault of the taxpayer, the county tax commissioner, or the board of supervisors, if it results in the assessment of the property of the aggrieved taxpayer in excess of its fair cash value, estimated at a price it will bring at a fair, voluntary sale. It is shown by the evidence that the Atlantic States Coal Company tract only contains 590 acres. Its acreage in the descriptive list is in excess of 590 acres. This excessive acreage was listed by mistake of the corporation. It should not be assessed against it simply because it made a mistake in giving the acreage. The value of the improvements as fixed in the descriptive list is shown by the evidence to be more than their fair cash value. No evidence was offered by the county respecting either the acreage in the Atlantic States Coal Company

tract or the value of the improvement. A. J. Leach and others testified that they had examined the machinery and equipment on the Day Mining Company tract about fifteen months before the trial. It is insisted that the testimony of these witnesses in behalf of the corporation describing the machinery fifteen months next prior to the trial is incompetent. Such evidence was clearly competent, and was properly admitted, since it established a continuing condition up to July 1, 1930. M. K. Marlow was asked as to what he had paid for certain equipment. This evidence was only competent for the purpose of testing the qualification of the witness. However, he disclaimed any knowledge of the conditions of the improvements on July 1, 1930, and, if any error was committed in admitting that portion of his testimony, it was a harmless one.

A controversy is engaged in, in the briefs of the parties concerning the giving of notice by the board of supervisors to the corporation and its representatives appearing before the county board of supervisors. The right of an appeal is not dependent upon the giving of notice to the taxpayer or his failure to appear before the board of supervisors. Section 4128, Ky. Statutes. These questions are immaterial on an appeal. It is earnestly and vigorously urged that the map subdivided the coal area of the county, and the fact that the Marion Coal Company, the Rockhouse Coal Company, the Atlantic States Coal Company, and the Day Coal Company, tracts, are situated within "U" district, and that it has been customary to assess all coal lands in this district at $64 per acre, therefore these tracts should be assessed at this valuation per acre for the year 1930. Uncontradicted evidence establishes the fact that these are nonproductive properties, and that because of the abandonment of the operation of the mines thereon they are of less value that when the map was prepared, and when operated. The evidence discloses that the value of the coal thereunder has been greatly diminished, not only because they were not operated on July 1, 1930, but because they had been abandoned several years prior thereto. The mines had fallen in, and in one of them there was a solid rock which had been tunneled through a distance of 600 feet, and on the opposite side of this structure, the coal was not, on account of the thinness of the vein, worth mining. Viewing the valuation of the

property as fixed by the evidence presented, it is our conclusion that the descriptive list filed by the Kentucky River Coal Corporation fixed the value of the property for taxation at its fair cash value, estimated at the price it will bring at a fair, voluntary sale, on July 1, 1930, and that the county tax commissioner, the board of supervisors, and the circuit court erred in fixing its taxable value above that shown by the descriptive list. Also the error in the acreage of the Atlantic States Coal Company tract should be corrected.

For the reasons indicated the judgment is affirmed on the original, and reversed on the cross-appeal, for proceedings consistent with this opinion.